UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY STERLING,

 Plaintiff,

v.            CASE No. 8:06-CV-2334-T-TGW

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and
UNUMPROVIDENT CORP.

 Defendants.

_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Rehearing of Order of Partial Summary Judgment (Doc. 87). The plaintiff seeks a rehearing with regard to three rulings in the Order: (1) the striking of his punitive damages claim; (2) the prohibition against arguing or adducing evidence at trial that the defendants' conduct prior to May 15, 2006, constituted a breach of the insurer's common law duty of good faith and fair dealing; and (3) the award of summary judgment in the defendant's favor on the CUIPA and CUPTA claims (id., p. 1).

The parties were already afforded oral argument on these issues, and the court thoroughly considered, and discussed, these issues in a forty-eight page Order (Docs. 84, 86). The plaintiff has failed to identify a meritorious basis for reconsideration of these rulings and, therefore, there is no reason for a rehearing. Accordingly, the motion will be denied.

The plaintiff did not state in his memorandum the grounds under which a rehearing is appropriate.* A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993). In this district, a request for reconsideration is warranted in three limited circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." International Ship Repair and Marine Servs., Inc. v. St. Paul Fire and Marine Ins. Co., 922 F.Supp. 577, 579 (M.D. Fla. 1996). The court will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found

---

*The plaintiff only mentions this motion is made pursuant to Rule 59, F. R.Civ. P., which authorizes a motion to alter or amend a judgment within ten days of entry of judgment.

lacking. Government Personnel Services, Inc. v. Government Personnel Mutual Life Ins. Co., 759 F.Supp. 792, 793 (M.D. Fla. 1991), aff'd, 986 F.2d 506 (11th Cir. 1993).

The plaintiff does not identify in his motion an intervening change in controlling law, or the availability of new evidence. Further, as discussed below, the plaintiff's arguments do not show clear error or manifest injustice. Rather, the motion merely seeks to relitigate what has already been found unmeritorious.

First, the plaintiff argues that the court improperly relied upon Uberti v. Lincoln Nat'l Life Ins. Co., 144 F. Supp.2d 90 (D. Conn. 2001), in determining that the punitive damages claim should be stricken (Doc. 87, pp. 2-3). In Uberti, the trial court, sitting as fact finder, found that the insurer's arbitrary and unsupported denial of coverage based on a known inadequate investigation did not warrant the imposition of punitive damages (Doc. 86, p. 46, citing Uberti v. Lincoln Nat'l Life Ins. Co., supra, 144 F. Supp.2d at 107). The plaintiff argues that "it is not appropriate to grant summary judgment based on the decision of a similar case when that decision was made by the fact finder and not as a matter of law by the Court.... Plaintiff is entitled to ...

have the finder of fact, not the court, assess whether punitive damages are appropriate" (Doc. 87, pp. 2-3).

The plaintiff misapprehends the court's reliance on Uberti. Uberti, which discussed deficiencies by an insurance company greater than those here, demonstrates that there is an insufficient evidentiary basis for a jury to award punitive damages. In other words, viewing the evidence in this case in the light most favorable to the plaintiff, a jury could not reasonably find that the defendant's conduct reached the level of culpability necessary to impose punitive damages. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1999)("summary judgment is warranted if a jury, viewing all facts and any reasonable inferences therefrom in the light most favorable to plaintiffs, could not reasonably return a verdict in plaintiffs' favor"). In that circumstance, the court is not usurping the role of the fact finder and it is appropriate to rule on the issue as a matter of law. Rule 56(c), F. R. Civ. P.; see Graham v. State Farm Mutual Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999)(on motion for summary judgment, "[t]he judge's function is ... to determine whether there is a genuine issue for trial," and that requires "sufficient evidence on which the jury could reasonably find for the plaintiff").

Next, the plaintiff argues that the court incorrectly awarded summary judgment in the defendants' favor on his claim that the defendants breached their common law duty of good faith and fair dealing by failing to investigate the cause of his disability prior to May 15, 2006 (Doc. 87, pp. 3-4). This contention is merely an attempt to relitigate an issue already considered, and rejected, by the court.

Finally, the plaintiff argues that the CUIPA and CUPTA claims were improperly dismissed (Doc. 87, pp. 5-6). As the court explained in the summary judgment Order, these claims fail because the plaintiff was unable to adduce evidence that would be admissible at trial on the crucial element that the challenged conduct "was committ[ed] or perform[ed] with such frequency as to indicate a general business practice" (Doc. 86, pp. 41, 56). Conn. Gen. Stat. §§38a-816(6). In particular, it is explained in the Order that the Multistate Market Conduct Examination ("MCE") that the plaintiff sought to rely upon as establishing a general business practice was inadmissible hearsay (Doc. 86, pp. 41-45).

In this motion, the plaintiff merely attempts to relitigate its contention that the MCE is admissible through its expert, Mary Fuller, pursuant to Rule 703 of the Federal Rules of Evidence (Doc. 87, pp. 5-6).

That contention has been rejected, and it is not properly reargued in a motion for reconsideration.

It is, therefore, upon consideration

ORDERED:

That the Plaintiff's Motion for Rehearing of Order of Partial Summary Judgment (Doc. 87) be, and the same is hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this 30th day of September, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE